IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 11-0122-KD-C |
| PEDRO LAMELA-CARDENAS | : | |

## ORDER

This matter is before the court on the motion to continue trial filed by the United States (Doc. 60), to which defendant Pedro Lamela-Cardenas does not object (*see id.*).

Upon consideration of the grounds presented and the Court's record, the undersigned finds that neither the defendant nor the United States will be unduly prejudiced by a continuance into the October 2011 criminal term; therefore, the motion to continue filed by the United States is **GRANTED** and the trial is **CONTINUED** to the October 2011 criminal trial term.

The Court further finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial." The reasoning for this decision is as follows. A previous continuation of the trial of this cause into the September 2011 term was granted at the request of the parties due to the pendency of defendants' motions to suppress. (*Compare* Doc. 45 *with* Docs. 34 & 38.) Although Judge DuBose ruled on the motions to suppress on August 11, 2011 (*see* Docs. 57 & 58), in time for a September trial, the undersigned

1

was informed by counsel for the United States during an August 15, 2011 status conference that the Government would be requesting a continuance of the September trial setting because it had learned that its case agent, Christopher Graham, was unavailable for trial in September. (*See* Doc. 60.) Indeed, Graham, a special agent with the United States Secret Service, "will be a member of the protection detail for the foreign heads of state [who will] attend the annual United Nations General Assembly held in New York City . . . over a three week period in September 2011." (*Id.* at ¶ 2.) Because Graham is vital to presentation of the Government's case (*see id.* at ¶ 3), the Government has proffered valid reasons for continuing this trial into the October 2011 criminal term. *Compare United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir.) (indicating that "ends of justice" required granting of continuance requested by the government where essential witness to government's case was unavailable due to serious illness), *cert. denied sub nom. Leveritt v. United States*, 522 U.S. 902, 118 S.Ct. 253, 139 L.Ed.2d 181 (1997), *with United States v. Barragan,* 793 F.2d 1255, 1258 (11th Cir. 1986) (government was granted a continuance due to the unavailability of Coast Guard witnesses; the circuit court found this period of delay excludable under the Speedy Trial Act). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

speedy trial.").

The defendant shall file another waiver of his Speedy Trial rights not later than **August 30, 2011**. The Clerk of Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

**DONE** and **ORDERED** this the 16th day of August, 2011.

<pre>          s/WILLIAM E. CASSADY          
          <b>UNITED STATES MAGISTRATE JUDGE</b></pre>